# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

|  |  |
|---|---|
| **KAITLIN LOTT** ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION NO.:** |
| ) | |
| v. ) | |
| ) | |
| **CHAMPION CHEVROLET, INC.** | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT AND JURY DEMAND

### I.   NATURE OF CLAIM

Kaitlin Lott ["Lott"] brings this case to challenge her termination after she reported a co-worker for sexual harassment.

Lott brings her claims under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) to address sex discrimination and retaliation in the terms and conditions of employment. The Plaintiff has fulfilled conditions precedent to the institution of this action under Title VII. Plaintiff filed her EEOC charges within 180 days of the occurrence of the last discriminatory and retaliatory acts (see Exhibit 1) and is timely filing her complaint within 90 days of her receipt of her Notice of Right to Sue from the

EEOC.

## II. JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331.

2. The Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the federal claims took place within the Court's jurisdictional boundaries.

3. Defendant is subject to the jurisdiction of the Court.

## III. PARTIES

4. Kaitlin Lott is a resident of the State of Alabama.

5. Champion Chevrolet, Inc. LLC ["Champion" or "defendant"] is an employer within the meaning of Title VII.

## IV. FACTUAL ALLEGATIONS

6. On June 14, 2016, Ms. Lott was hired to as IT specialist.

7. Approximately 45 days into her employment, Ms. Lott complained to management about a sales employee named Erick Brown who was acting inappropriately toward Ms. Lott.

8. Mr. Brown's conduct included unwanted touchings and comments were of the nature that Mr. Brown wanted a physical relationship with Ms. Lott.

9. After Mr. Brown would not stop his approaches, Ms. Lott alerted Mr.

Donaldson, a sales manager, that the sexual advancements were unwelcome.

10. Ms. Lott also observed other women being demeaned in the workplace which affected her enjoyment of her job.

11. Ms. Lott also alerted the dealer owner Mr. Hamm.

12. Following Ms. Lott's opposition to the conduct, she was issued a series of approximately seven disciplines.

13. The judgment of Ms. Lott's work performance completely changed after she made her allegations and opposed Mr. Brown's sexual advances.

14. On August 16, Ms. Lott was terminated.

15. Ms. Lott is unaware of any written policies or training regarding the prohibition of sexual harassment and/or retaliation.

16. Ms. Lott suffered from the conduct as she lost income and was subjected to emotional distress from being terminated.

### V.     CLAIMS

#### Count I
#### Title VII Sexual Harassment

16. Lott re-alleges paragraphs 1 through 16 above and incorporate them by reference as if fully set forth herein.

17. Lott was subjected to unwelcome sexual advances. Lott through working with the male employees encountered gender discrimination that affected her well

being and the terms and conditions of her employment.

18. This treatment is discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. The discrimination on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

19. As a further consequence and effect of the Defendant's unlawful conduct and practices, Lott was deprived of income and other compensation and benefits.

20. Lott has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's discriminatory, demeaning and unlawful conduct.

21. Lott has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

22. As a result of the Defendant's actions, Lott has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

23. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of Plaintiff's statutory rights pursuant to Title VII

of the Civil Rights Act of 1964, as amended.

## Count II
## Title VII Retaliation

24. Plaintiff re-alleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

25. The Defendant retaliated against Lott in the forms of discipline and termination for opposing and reporting unlawful discrimination.

26. After Lott complained about the sexual harassment, she faced increased scrutiny and was terminated from her employment.

27. This reckless and willful retaliation on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended.

28. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

29. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's retaliatory conduct.

30. Plaintiff has no plain, adequate, or complete remedy at law to   wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief,

including punitive and compensatory damages, is his only means of securing adequate relief.

31. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

7. This reckless, malicious, and willful retaliation on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendant are violative of the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and The Family Medical Leave Act.

2. Issue a declaratory judgment that that the lack of employment practices, written policies, procedures, conditions and customs prohibit sexual harassment and retaliation are violative of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended.

3.  Enter an Order requiring Defendant to make the Plaintiff whole by awarding her back-pay (plus interest), front-pay, reinstatement into the position she would have held if Defendant had not discriminated against her based on race and/or gender and/or in retaliation for his opposing and reporting defendant's unlawful conduct, compensation for loss of wages and benefits, lost seniority, and pension benefits and nominal, compensatory and punitive damages.

4.  Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is his only means of securing adequate relief.

5.  Award Plaintiff her reasonable attorneys' fees, costs and expenses of suit; and

6.  Provide such other and further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**                Respectfully submitted,

  */s/Lee Winston*
  Lee D. Winston
  Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
505 Twentieth Street North
Suite 815
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
rcooks@winstoncooks.com
lwinston@winstoncooks.com